UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | SA-19-CR-60-XR |
| ERIC CHRISTOPHER HURD | § § § § | |

**ORDER**

On this day came on to be considered Defendant's motion to dismiss indictment (dkt. no. 27).

**Indictment**

The Government alleges that on or about September 27, 2018, on Joint Base San Antonio-Fort Sam Houston, Texas, in the Western District of Texas, and within the special maritime and territorial jurisdiction of the United States, the Defendant while using a vehicle, intentionally fled from a person the defendant knew was a peace officer or federal special investigator, who was attempting lawfully to arrest or detain him, in violation of Title 18, United States Code, Section 13, assimilating Texas Penal Code Sections 38.04(a)[1] and (b)(2)(A).[2]

In Count Two, the Government alleges that on this same occasion, the Defendant knowingly, intentionally and unlawfully possessed Methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 844(a).

---

[1] A person commits an offense if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him. Tex. Penal Code Ann. § 38.04(a).

[2] An offense under this section is a Class A misdemeanor, except that the offense is ... a felony of the third degree if: the actor uses a vehicle or watercraft while the actor is in flight and the actor has been previously convicted under this section. Tex. Penal Code Ann. § 38.04(b)(2)(A).

**Motion to Dismiss**

The Defendant seeks dismissal of Count One arguing that the Texas evading arrest or detention statute is not properly assimilated. Defendant argues that a "federal statute already prohibits trespass on a military installation and assimilating the state statute would interfere with the achievement of the federal policy of protecting federal property by requiring visitors to obtain permission to enter."

**Analysis**

The "fact that conduct could be charged under some federal statute does not necessarily prevent assimilation of a state offense." *United States v. Key*, 599 F.3d 469, 477 (5th Cir. 2010). To defeat assimilation, the Fifth Circuit instructs that a court merely ask: "Does applicable federal law indicate an intent to punish conduct such as the defendant's to the exclusion of the particular state statute at issue?" *Id*. at 477.

There appears to be only one federal district court decision that examines this issue. In *United States v. Hardeman*, No. 5:19-cr-104-OLG (W.D. Tex. June 13, 2019), the Court found that Texas Penal Code section 38.04 could be assimilated as it does not "interfere with federal policy, redefine a federal offense or intrude on a field that the federal statute intended to occupy." It does appear that the Fifth Circuit assumed, without deciding the question, that the Texas evading arrest or detention statute was properly assimilated. *See United States v. Hopkins*, 901 F.3d 518 (5th Cir. 2018) (concluding that the factual basis for Hopkins's guilty plea was legally sufficient in a conviction for evading arrest or detention while using a motor vehicle in violation of the Assimilative Crimes Act, 18 U.S.C. § 13, assimilating Texas Penal Code §

38.04). This Court concludes that there is no existing federal law that indicates an intent to punish conduct such as the defendant's to the exclusion of the particular state statute at issue.

**Conclusion**

The motion to dismiss (dkt. no. 27) is DENIED.

SIGNED this 20th day of June, 2019.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE